## COURSON vs. HERRIN'S ADM'R.

[MOTION TO AMEND JUDGMENT NUNC PRO TUNC.]

1. *Admissibility of parol evidence to affect record.*—On motion to amend a record *nunc pro tunc*, so as to make it show that a judgment by default was rendered on the fourth, instead of the third day of the term, the correctness of the entries on the minutes of the court, showing the meeting and adjournment of the court, and the day on which the judgment was rendered, cannot be contradicted or impeached by parol testimony, which does not show fraud.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. S. D. HALE.

In this case, the appellants, who were the plaintiffs below, made a motion at the fall term of said court, 1857, to amend the minutes of the court *nunc pro tunc*, as of the April term, 1856, so as to show that a judgment, which they had recovered against the administrator of William Herrin, deceased, was in fact rendered on the 10th April, which was the fourth day of the term, instead of the 9th April. The judgment was by default, with writ of inquiry executed, and did not specify the day on which it was rendered; but it was entered on the minutes of the third day of the term, as shown by the clerk's entry of the meeting and adjournment of the court for the day.

36

In support of the motion, the plaintiffs read to the court the affidavits of two attorneys and of the clerk, together with the record book of the minutes of the court. The attorneys' affidavits stated, that the judgment was rendered, to their certain knowledge, on the fourth day of the term; and that of the clerk was to the same effect. The clerk further stated, in his affidavit, that for the purpose of keeping up with the business of the court, he had filled up, before the term commenced, several pages of the minutes with blank judgment entries, as for judgments by defaults, judgments on verdict, continuances, writs of *scire facias*, &c., so that only the blank names and amounts would have to be filled up each day; that his blanks did not correspond exactly with each day's business; and that plaintiffs' judgment, in entering which he merely filled up one of the blank judgments by defaults, was accidentally entered up as of the the third, instead of the fourth day of the term. On all the evidence adduced, the court refused to allow the amendment; to which ruling the plaintiffs excepted, and which they now assign as error.

Geo. W. Gunn, for the appellants.

Clopton & Ligon, *contra*.

RICE, C. J.—The entries made during term time, on the minutes of the circuit court, of the adjournment of the court from one specified day to another, and of the particular day on which a judgment was rendered, are, in the absence of fraud, and of any conflicting entry on the record, or by the judge on any docket or book of the office, not assailable by parol testimony.—Deslonde v. Darrington, 29 Ala. 92. Nor can they be amended, *nunc pro tunc*, upon parol testimony which does not show fraud, and which is in conflict with the minute entries as to the day on which the judgment was rendered.—Hudson v. Hudson, 20 Ala. 364; Shepherd's Dig. 396, §§ 26 to 41; Tisdale v. Gundy, 1 Hawks, 282; Austin v. Rodman, *ib.* 71; Reid v. Kelly, 1 Dev. 313.

Judgment affirmed.